# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR329 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| EDWARD R. HILLS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

The government has filed a motion seeking a protective order directing defendant, Edward R. Hills, "not to depose potential Government witnesses in a related civil case or otherwise use civil process to compel discovery, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure." (Doc. No. 46 ["Mot."] at 252.) The Court addressed the motion at a status conference and motion hearing conducted on November 21, 2016, at which time counsel for defendant Hills advised the Court that Hills did not oppose the government's motion. Counsel further advised that Hills intends to file a motion with the state court to stay the related civil matter in its entirety. At the conclusion of the status conference and motion hearing, the Court announced its decision to grant the government's narrowly tailored motion to the extent that it sought only a limited stay of the state action, and that it would follow its ruling with a written memorandum opinion.

## I. BACKGROUND

The relevant background facts are not in dispute. Defendant Hills, a doctor of dental surgery, formerly served as the Chief Operating Officer of the MetroHealth Hospital System ("MetroHealth") from 2010 until he left the hospital in December 2014. Hills' departure from MetroHealth coincided with the early stages of a federal criminal investigation concerning improprieties in the MetroHealth Dental Department allegedly involving Hills and other individuals. Defendant's separation from MetroHealth was governed by a severance agreement that guaranteed defendant various monetary and other benefits. The severance package included a mutual "non-disparagement" provision that prohibited either MetroHealth or Hills from issuing disparaging remarks about the other.

On September 29, 2015, the Federal Bureau of Investigation (FBI) and the Internal Revenue Service (IRS) conducted a joint search of Hills' office and residence. In response to inquiries from the Cleveland Plain Dealer, MetroHealth issued a statement on its website concerning the search. In November 2015, Hills' counsel, Attorney Larry Zukerman, issued a letter to MetroHealth concerning the website statement. On December 7, 2016, Hills, his wife and children brought suit against MetroHealth in the Cuyahoga County Court of Common Pleas. *Edward R. Hills II, D.D.S., FACD, et al. v. MetroHealth Sys.*, Case No. 15-CV-855255 (hereinafter sometimes referred to as "the state court action"). The state complaint accuses MetroHealth of violating the non-disparagement provision of the severance agreement by commenting on the federal search, and raises claims for breach of contract and declaratory judgment. In addition to a declaration that MetroHealth has violated the non-disparagement

povision of the parties' contract, the complaint seeks damages, injunctive relief, and specific performance.

On October 19, 2016, a grand jury returned an indictment against Hills and three other defendants. Specifically, the indictment charges Hills with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO); conspiracy to commit Hobbs Act bribery; conspiracy to commit mail and wire fraud, and honest services mail and wire fraud; conspiracy to solicit, receive, offer and pay kickbacks in federally funded health care programs; and other related federal offenses. (Doc. No. 1 (Indictment).) The charges are tied to Hills' alleged misuse of his employment with MetroHealth to engage in racketeering activity, including the solicitation of kickback payments for referring Medicaid eligible patients to private dental clinics, the misuse of MetroHealth's money and property to enrich himself and others, and the obstruction of a federal and grand jury criminal investigation.

The docket from the state action reflects that the parties have vigorously litigated the civil action. The government represents that, as part of discovery, Hills has issued interrogatories and document requests relating to his alleged misuse of hospital resources, a matter that is at issue in the federal case. Hills has also issued subpoenas to depose numerous MetroHealth employees and board members. The subpoenas have been withdrawn, but the depositions are still pending. The final pretrial in the state civil matter, which was scheduled for December 13, 2016, has been converted to a telephonic status conference.

## II. DISCUSSION

The government has moved for a protective order barring Hills from deposing potential government witnesses or otherwise using the state civil action to compel discovery from MetroHealth until after the resolution of the present federal criminal action. In support of its motion, the government represents that Hills has already used—and intends to use in the future—the more liberal discovery rules applicable to Ohio state civil actions to obtain discovery to which he would not be entitled in the present federal criminal action.

The government's motion is grounded in Rule 16 of the Federal Criminal Rules of Procedure, which limits discovery in criminal proceedings. Recognizing that Rule 16 and statutes like the Jencks Act, 18 U.S.C. § 3500, make for a more restrictive discovery process in criminal actions, the Fifth Circuit previously observed that "[a] litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). Because of the concern that criminal defendants will use civil actions to circumvent the restrictions on discovery in criminal actions, courts have repeatedly stayed discovery in civil actions until related criminal actions are resolved. *See United States v. Kordel*, 397 U.S. 1, 12 n.27, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action[.]"); *see, e.g., United States v. Phillips*, 580 F. Supp. 517, 519 (N.D. Ill. 1984) (collecting cases); *see also Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 939 (N.D. Ill. 2002) ("a trial court should not permit a defendant in a criminal case to use liberal civil

4

discovery procedures to gather evidence to which he might not be entitled under the more restrictive criminal rules") (collecting cases); *United States v. Percuoco*, 109 F.R.D. 565, 567 (D. Mass. 1986) ("The most persuasive cases in which a court has prohibited a criminal defendant from conducting discovery in a related civil action have involved a criminal defendant who initiated the civil action after the defendant learned that a criminal action had been or would be commenced.")[1]

The public's strong interest in the enforcement of the federal criminal laws is not diminished simply because a federal district court is asked to stay a parallel state civil action. The federal court still has the discretionary authority to take such action. *See Commw. Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1274 (7th Cir. 1976) ("The power to enjoin state proceedings is discretionary, allowing the [district] court to weigh those factors both pro and con to the issuance of a stay"); 17A Wright, et al., FEDERAL PRACTICE & PROCEDURE: CIVIL § 422 (3d ed. 1998) (same). While "[h]istorically, federal district courts have been reluctant to exercise their discretionary power to interfere with state court proceedings[,]" a federal court's reluctance must at times be overcome where interference is necessary to protect "the integrity of the criminal justice process[.]" *See, e.g, Phillips*, 580 F. Supp. at 519-20 (finding stay of parallel state civil action necessary where criminal defendant had misused civil proceeding to obtain discovery for use in federal criminal action) (citation omitted).

---

[1] When he filed his state civil action in 2015, Hills was well aware that a federal criminal indictment was likely to be returned against him inasmuch as federal agents had search his office and residence only two months earlier. In fact, according to the government, Hills, through his counsel, had been engaging in discussions with government counsel as early as November 2014. Whether Hills intended to exploit the more generous discovery rules in state court or not when he filed suit, the state civil action affords an excellent opportunity to do so.

5

The Court finds that a limited intrusion into the parallel state civil action is necessary in order to protect the integrity of the federal criminal justice process. It is clear from the government's unopposed motion that defendant Hills has already utilized the more liberal discovery rules applicable to Ohio civil law actions to discover information regarding his alleged misuse of MetroHealth resources. While this information is certainly relevant to the federal criminal charges pending in this Court, it would appear to have no bearing on the question of whether MetroHealth violated the non-disparagement agreement. Because it is apparent that Hills has already used the state civil action to circumvent the federal criminal discovery rules, the Court must impose a limited stay in order to protect against any further discovery abuses in the federal criminal proceeding.

In reaching this conclusion, the Court emphasizes that interference with the state court action will be minimal. The government has not requested, and this Court does not impose, a stay that will entirely halt the state court action. Rather, the Court's stay is limited to delaying the depositions of MetroHealth employees until after the present criminal action is resolved. Currently, the federal action is scheduled to go to trial on June 2, 2017. While this means that the federal trial is still months away, the parties in the state action remain free to pursue other discovery, engage in motion practice, or enter into settlement negotiations. Moreover, the Court reiterates that defendant Hills has, through counsel, indicated that he intends to file a motion in the state court to stay the entire action until after the completion of the federal proceedings.

Accordingly, the government's motion for a protective order is granted. Until further order of the Court, the parties in the state court action shall not conduct depositions or use civil process to compel discovery from MetroHealth.[2]

**IT IS SO ORDERED**.

Dated: November 23, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Clerk is directed to serve a copy of this order on Cuyahoga County Common Pleas Court Judge John J. Russo and the Clerk of the Cuyahoga County Common Pleas Court for filing in *Edward R. Hills II, D.D.S., FACD, et al. v. MetroHealth Sys.*, Case No. 15-CV-855255.