# IN THE UNITED STATES DIRSTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:16CR329 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | **DEFENDANT EDWARD R. HILLS'** |
| EDWARD R. HILLS, | ) | **MOTION IN LIMINE TO EXCLUDE** |
| | ) | **THE "RED STEAK HOUSE AUDIO"** |
| | ) | **UNDER RULE 403; ALTERNATIVELY** |
| | ) | **TO REDACT ALL IRRELVANT AND** |
| | ) | **INFLAMMATORY STATEMENTS** |
| | ) | **CONTAINED THEREIN** |
| | ) | |
| Defendant. | ) | |

Defendant Edward R. Hills, through counsel, respectfully moves this Court to prohibit the use of the "Red Steak House Audio," a recording purportedly made of Dr. Hills and others by the Government's cooperating witness. This recording was made at the behest of the Government, through its cooperator, while Dr. Hills was obviously under the influence of alcohol and is thus neither trustworthy nor reliable. Accordingly, any probative value ascribed to this recording is substantially outweighed by unfair prejudice to Dr. Hills and therefore it should be excluded in its entirety under Fed. R. Evid 403. Alternatively, this recording contains numerous irrelevant and inflammatory statements not germane to the charges in the Indictment, which are unfairly prejudicial and should thus be excluded at trial pursuant to Fed. R. Evid. 401, 402 and 403.

Respectfully submitted,

/s/ Tanya F. Miller
Tanya F. Miller
Georgia Bar No. 508434
DuBose Miller LLC
75 14th Street NE, Suite 2110
Atlanta, GA 30309
(404) 720-8111[phone]
(404) 921-9557 [fax]
miller@dubosemiller.com

## MEMORANDUM

**I. Charges.**

On October 19, 2016, the grand jury returned a 33-count indictment charging Dr. Hills and four other codefendants with a number of offenses, both jointly and individually. Dr. Hills is charged jointly with two of his codefendants with, *inter alia*, Conspiracy to Racketeer in Corrupt Organizations (RICO), in violation of 18 U.S.C. § 1962(d) (Count One), Conspiracy to Commit Hobbs Act Bribery, in violation of 18 U.S.C. §1951(a) (Count Two), and Conspiracy to Commit Honest Services and Money and Property Mail and Wire Fraud, in violation of 18 U.S.C. §1349 (Count Eight); Conspiracy to Receive Kickbacks in Connection with a Federal Healthcare Program, in violation of 18 U.S.C §371 (Count Thirteen).

Dr. Hills and his four co-defendants have a joint jury trial scheduled to begin on June 25, 2018.

**II. Analysis.**

    a. The Unfairly Prejudicial Red Steak House Audio Should Be Excluded in its Entirety Under Fed. R. Evid. 403.[1]

According to paragraph 357 of the Indictment, sometime on or about November 13, 2014, the Government's cooperating witness met with Dr. Hills, Dr. Alqsous and Dr. Almadani at the Red Steak House restaurant for dinner. The cooperator wore a recording device while in presence of Dr. Hills and the others at the behest of the FBI. At the time that the cooperator arrived at the location, Dr. Hills was already present at the restaurant and had consumed a significant amount of alcohol. Throughout the more than two-hour long recording, Dr. Hills continued to consume alcohol while

---

[1] Dr. Hills would also join in the Motion filed by co-defendant Dr. Sari Alqsous (ECF No. 252) to exclude the recording because it is not admissible as a co-conspirator statement, is not relevant and is unfairly prejudicial.

at the dinner. At times on the recording, Dr. Hills' speech appears to be slurred.

The Court should exclude that information pursuant to Fed. R. Evid. 403.

Fed. R. Evid. 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Thus, the court must undertake an assessment of whether the probative value of the proffered evidence is substantially outweighed by the harm that is likely to result if the evidence is admitted because of the unfairly prejudicial nature of the evidence or on account of one or more of the other countervailing factors.

Assuming there is some arguable probative value to the recording that would support the Government's theory of the case, namely the snippet referenced in paragraph 357, the statement's admission presents a serious danger of unfair prejudice to Dr. Hills. Dr. Hills is obviously intoxicated, can be heard using profane language throughout the recording, making derogatory statements about women, crudely discussing sex, his personal life, as well as other topics that are not relevant to the issues in the indictment and that cast him in an unfair light and potentially place his character at issue.

Therefore, to the extent that the Government seeks to introduce this statement, Dr. Hills asserts that any probative value to the admission is substantially outweighed by the danger of unfair prejudice.

    b.  Alternatively, all Irrelevant and Inflammatory Statements on the Audio Should be Excluded and/or Redacted.

"Relevant evidence" is defined as evidence "having any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the

action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

As stated above, the Red Steak Audio contains numerous drunken derogatory statements about sex, relationships and woman. Such information is irrelevant to the material issues in this case and should be excluded under Fed. R. Evid. 401 and 402. Even if such information were somehow relevant, its disclosure is so unfairly prejudicial that it warrants exclusion under Fed. R. Evid. 403, for all the reasons previously stated herein.

III. **Conclusion.**

Based on the foregoing reasons, Dr. Hills respectfully asks this Court to grant his motion to exclude the Red House Audio in its entirety. Alternatively, Dr. Hills asks that the statement be redacted to exclude all irrelevant and inflammatory statements.

Dated: May 4, 2018.

Respectfully submitted,

/s/ Tanya F. Miller
TANYA F. MILLER
Georgia Bar No. 508434
Attorney for Edward Hills

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.  1:16CR329 |
| | ) | |
| v. | ) | |
| | ) | JUDGE SARA LIOI |
| | ) | |
| EDWARD R. HILLS, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all parties of record.

Dated: May 4, 2018.

/s/ Tanya F. Miller
TANYA F. MILLER
Attorney for Edward Hills

DuBose Miller, LLC
75 Fourteenth Street NE, Suite 2110
Atlanta, GA 30309
Office: (404) 720-8111
Facsimile: (404) 921-9557
Email:  miller@dubosemiller.com