IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16CR329 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD R. HILLS, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT ALQSOUS'S MOTION TO |
| Defendants. | ) | RELEASE BOND [R. 358] AND |
| | ) | COUNTER-MOTION TO ORDER |
| | ) | PAYMENT OF BOND FOR |
| | ) | RESTITUTION AND FINES |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Om M. Kakani, Assistant United States Attorney, and hereby files this response to Defendant Sari Alqsous's *Motion to Release Bond* [R. 358], and further files this countervailing motion invoking the provisions of Title 28, United States Code, Section 2044 and Title 18, United States Code, Section 3611, for entry of an order requiring the Clerk of the Court to withhold and restrain funds and property posted as bond collateral for the Defendants to apply said funds to the Defendants' financial obligations in connection with their various convictions.

On July 27, 2018, Defendants were found guilty following trial of numerous felony offenses, including Racketeering Conspiracy (18 U.S.C. § 1962(d)), Honest Services Wire and Mail Fraud Conspiracy and Mail Fraud (18 U.S.C. § 1349, 1341, 1343), and bribery offenses (18 U.S.C. § 666). Sentencing is scheduled for November 27, 2018. Defendants are anticipated to

receive substantial sentences, to include orders for special assessments, restitution and fines, as a result of their convictions.

Defendants have posted the following bonds, as the sole surety, in a variety of cash or real property interests as follows and attested to under penalty of perjury:

- Edward R. Hills - $150,000 cash bond (satisfied in cash) [R. 30: Hills Appearance Bond];

- Sari Alqsous - $250,000 cash bond (satisfied by cash and real property) [R. 22: Alqsous Appearance Bond];

- Yazan B. Al-Madani - $250,000 cash bond (satisfied by cash and real property) [R. 18: Al-Madani Appearance Bond]; and

- Tariq Sayegh - $100,000 cash bond (satisfied in cash) [R. 27: Sayegh Appearance Bond].

These amounts were posted with the Clerk of this Court to secure the Defendants' release and were not secured by third parties. On July 27, 2018, after the jury announced guilty verdicts and upon the government's motion, this Court remanded all Defendants pending sentence.

Section 2044 of Title 28, United States Code, provides that upon application of the United States, the Court shall order any money belonging to and deposited by or on behalf of the defendant for purposes of a criminal appearance bond to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant.[1] Section 2044 specifically

---

[1] Section 2044 on its face requires the monies held to be paid over to the United States Attorney to be applied to a defendant's financial obligations to the government. However, the subsequent enactment of the Mandatory Victims Restitution Act of 1996 transferred the responsibility for receipt of all payments in a criminal case to the clerk of the court. See Title 18, United States Code, Section 3611.

requires the court to order that bond monies be applied to the monetary penalties imposed in this case.[2]

Defendants all stand convicted of numerous criminal offenses that, pursuant to Title 18, United States Code, Section 3013, require them to each pay mandatory special assessments of $100 per felony count of conviction. This results in mandatory special assessments of approximately $2,000 (Hills), $1,600 (Alqsous), $1,800 (Al-Madani) and $500 (Sayegh). Many of these offenses are also punishable by fines of up to $250,000 per count, and given the defendants capabilities as highly productive dentists, their high net worth and earning capacity they are capable of paying such fines in accordance with 18 U.S.C. § 3572 and U.S.S.G. § 5E1.2. Moreover, these offenses may subject the defendants to pay the costs of prosecution as permitted by 28 U.S.C. §§ 1918 and 1920.

While the amount of any fines, restitution, costs or other criminal monetary penalties remains to be determined, the government submits that the Court should hold the bond sureties, solely posted by Defendants, pending such determination and for future application to their obligations. The United States currently has a contingent and unliquidated right to the cash and real property bonds that will mature at sentencing because the United States will then have an interest in "all property or rights to property" of the Defendants. 18 U.S.C. § 3613(a), (f). To promote the efficiency of enforcement of the anticipated criminal judgment and to allay concerns that the bond properties will be dissipated, the United States requests that the Clerk of Courts continue to hold the money in escrow pending the Court's pronouncement of sentence. Doing so

---

[2]  The United States would typically wait until *after* the Court sentenced Defendants and entered a Judgment and Conviction against them before invoking 28 U.S.C. § 2044. However, as Defendant Alqsous's motion seeks release of his bond funds *before* his sentencing, the government now seeks, at minimum, a restraint on all Defendants' bonds pending pronouncement of their criminal monetary obligations.

3

will promote judicial economy because the Court will avoid piecemeal enforcement of a restitution judgment.  In the event the cash bonds are later applied to any criminal monetary penalty whether special assessment, restitution, or fine as ordered by the Court, defendants will receive an accounting from the United States Attorney's Office of the distribution of the money.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Om Kakani
        Om Kakani (NY: 4337705)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3756
        (216) 685-2378 (facsimile)
        Om.Kakani@usdoj.gov

5

## CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of September 2018 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                          /s/ Om Kakani
                                          Om Kakani
                                          Assistant U.S. Attorney