IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-329 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| EDWARD R. HILLS, *et al.*, | ) | |
| | ) | **PRELIMINARY ORDER OF FORFEITURE** |
| Defendant. | ) | RE: BRIEFCASE AND TELEVISION |

It appears to the Court that proper proceedings for the issuance of this Preliminary Order of Forfeiture have been had in this case as follows:

1. On October 19, 2016, a 33-count Indictment (R. 1) was returned in the above-captioned case. In pertinent part, defendant Edward R. Hills was charged as follows:

   Count 1: RICO Conspiracy, in violation of 18 U.S.C. § 1962(d).

   Count 2: Conspiracy to Commit Hobbs Act Bribery, in violation of 18 U.S.C. Section 1951(a).

2. With respect to Count 1, the forfeiture provision set forth in the Indictment (R. 1, PageID 91-92) specified, in part, as follows:

   . . . The allegations of Count 1 are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. Section 1963 and 28 U.S.C. Section 2461(c). Pursuant to Rule 32.2, Federal Rules of Criminal Procedure, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. Section 1963 in the event of any Defendant's conviction under Count 1 of this Indictment. As a result of the foregoing offense, [Defendant] EDWARD R. HILLS . . . shall forfeit the following property to the United States:

. . .

• Any property constituting, or derived from, any proceeds which [Defendant] EDWARD R. HILLS . . . obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. Section 1962.

. . . The property subject to forfeiture to the United States pursuant to 18 U.S.C. [Section] . . . 1963(a)(3) include, but are not limited to, the following:

. . .

• Louis Vuitton briefcase purchased on or about January 1, 2013, for Defendant EDWARD R. HILLS from a Saks 5th Avenue department store in Beachwood, Ohio. The purchase price was approximately [$3,600.00].

• . . . LED television purchased on or about January 6, 2014, for Defendant EDWARD R. HILLS from a Best Buy store in the Northern District of Ohio. The purchase price was approximately [$5,000.00].

3. With respect to Count 2, the forfeiture provision set forth in the Indictment (R. 1, PageID 92-93) specified, in part, as follows:

. . . The allegations of [Count] 2 . . . are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) & 28 U.S.C. Section 2461(c) ... .  As a result of the foregoing [offense], [Defendant] EDWARD R. HILLS . . . shall forfeit to the United States all property, real and personal, which constitutes, or is derived from, proceeds traceable to the commission of [Count 2]; including, but not limited to, the following:

. . .

• Louis Vuitton briefcase purchased on or about January 1, 2013, for Defendant EDWARD R. HILLS from a Saks 5th Avenue department store in Beachwood, Ohio. The purchase price was approximately [$3,600.00].

• . . . LED television purchased on or about January 6, 2014, for Defendant EDWARD R. HILLS from a Best Buy store in the Northern District of Ohio. The purchase price was approximately [$5,000.00].

4. On July 27, 2018, a jury trial as to defendant Hills, *et al.*, was concluded. *Inter alia*, guilty verdicts were returned against defendant Hills on Counts 1 and 2 of the Indictment. (*See*, Minutes of proceedings [non-document] filed on July 27, 2018.)

5. A sentencing hearing as to defendant Hills, *et al.*, was held on February 11–12, 2019. An agreement as to forfeiture was reached between the government and defendant Hills, which was placed on the record. (*See*, Minutes of proceedings [non-document] filed on February 12, 2019.) The agreement was as follows:

> Given his convictions to Counts 1 and 2, Dr. Hills agrees to the forfeiture of the subject briefcase and television.
>
> Dr. Hills' agreement in this regard is limited to the forfeiture agreement set forth above. Should Dr. Hills' convictions on Counts 1 and 2 be reversed on appeal, and dismissed in their entirety, the United States agrees to return to Dr. Hills the present monetary value of the briefcase and television. Dr. Hills further agrees to facilitate the turnover of the briefcase and television to the FBI.

6. Based upon the foregoing, and pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture is entered as follows.

**IT IS ORDERED, ADJUDGED, AND DECREED:**

7. The United States shall seize and take control of the following properties, and they hereby are forfeited to the United States under 18 U.S.C. § 1963(a)(3) (Count 1) and 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) (Count 2) for disposition in accordance with law, subject to the provisions of 18 U.S.C. § 1963(l):

- Louis Vuitton briefcase purchased on or about January 1, 2013, for Defendant EDWARD R. HILLS from a Saks 5th Avenue department store in Beachwood, Ohio. The purchase price was approximately $3,600.00.

- LED television purchased on or about January 6, 2014, for Defendant EDWARD R. HILLS from a Best Buy store in the Northern District of Ohio. The purchase price was approximately $5,000.00.

8. Pursuant to 18 U.S.C. § 1963(l)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order on an official government internet site for at least 30 consecutive days.

9. Upon completion of publication, this Court will enter a final order in accordance with 18 U.S.C. § 1963(l).

**SO ORDERED** this __19th__ day of February, 2019.

_____
Sara Lioi
United States District Judge, N.D. Ohio