**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-cr-329-1 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| EDWARD R. HILLS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Edward R. Hills ("Hills") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 675 (§ 2255 Motion); *see* Doc. No. 683 (Memorandum in Support).) Plaintiff United States of America (the "government") has filed a motion to dismiss Hills's § 2255 motion as time-barred (Doc. No. 687 (Motion to Dismiss)), Hills opposes the motion to dismiss (Doc. No. 689 (Opposition)), and the government has filed a reply. (Doc. No. 691 (Reply).) Because the motion to vacate is untimely, the government's motion to dismiss is GRANTED, and the motion to vacate is DISMISSED.

**I.    BACKGROUND**

On July 27, 2018, after a five week trial, a jury returned multiple guilty verdicts against Hills and his co-defendants relating to their employment as dentists at MetroHealth Hospital, a public hospital receiving federal and state funding. (Doc. No. 337 (Hills Verdicts); *see* Doc. No. 338 (Sari Alqsous Verdicts); Doc. No. 339 (Yazan Al-Madani Verdicts); Doc. No. 340 (Tariq

Sayegh Verdicts).) The crimes for which Hills was found guilty included: RICO conspiracy, conspiracy to commit mail and wire fraud and honest services wire fraud and honest services mail fraud, Hobbs Act conspiracy, bribery concerning programs receiving federal funds, solicitation or receipt of healthcare kickbacks, obstruction of justice, and filing false tax returns. (*See* Doc. No. 337.)

The Court sentenced Hills on April 10, 2019, to an aggregate term of imprisonment of 188 months. (Doc. No. 489 (Hills Judgment); *see* Minutes of Proceedings [non-document], 4/10/2019.)[1] Hills took a direct appeal from the Court's judgment. (Doc. No. 497 (Notice of Appeal).) The Sixth Circuit consolidated Hills's direct appeal with the appeals taken by his co-defendants, and, on March 3, 2022, the Sixth Circuit entered a decision denying the appeals and affirming this Court's judgments. (Doc. No. 627 (Opinion);[2] *see* Doc. No. 580 (Consolidation Order).) Hills filed a timely petition for en banc rehearing, which the Sixth Circuit denied on May 10, 2022. (U.S. Court of Appeals for the Sixth Circuit No. 19-3372, Doc. No. 107-1 (Am. Order Denying En Banc Petitions).) The Sixth Circuit issued its mandate on May 18, 2022. (Doc. No. 639 (Mandate).)

According to the certificate of service, Hills placed his motion to vacate in the prison mail system on August 18, 2023. (Doc. No. 675, at 12.[3]) His petition raises two grounds of ineffective assistance of counsel, and a third ground asserting a due process violation under *Brady v.*

---

[1] Following a hearing on restitution, the Court also ordered Hills to pay restitution in the aggregate amount of $994,267.88. (Doc. No. 515 (Order of Restitution); *see* Doc. No. 524 (Order of Restitution *Nunc Pro Tunc*).)

[2] *See United States v. Hills*, 27 F.4th 1155 (6th Cir. 2022).

[3] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

2

*Marylan*d, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). (*See id*. 4–7.) In its motion to dismiss, the government argues that Hills's § 2255 motion is untimely because it was filed more than one year after his sentence became final. (Doc. No. 687, at 1.)

## II. EVIDENTIARY HEARING

A court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255." (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962))); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Hills's § 2255 motion—filed more than one year after his sentence became final—is time-barred under the governing statute.

### III. HILLS'S § 2255 MOTION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Court's judgment was entered on April 10, 2019. The judgment was affirmed by the Sixth Circuit on March 3, 2022, and rehearing was denied on May 10, 2022. Because Hills did not seek a writ of certiorari with the Supreme Court, his judgment became final on August 8, 2022, which was 90 days after the Sixth Circuit entered judgment. Sup. Ct. R. 13.3; *see Clay v. United States*, 537 U.S. 522, 525, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). While acknowledging that he filed his motion to vacate more than 90 days after rehearing was denied, Hills argues that his motion is timely because he filed it within one year of the issuance of the mandate. (Doc. No. 689, at 3.) A defendant, however, has 90 days from the entry of judgment—not from the issuance of the mandate—to file under § 2255. Sup. Ct. R. 13; *see Clay*, 537 U.S. at 525 (rejecting the argument that the triggering date for § 2255(a) is the date the mandate issued, and ruling that "[f]or

4

the purpose of starting the clock on § 2255's one-year limitations period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). Hills was required to file his § 2255 motion by August 8, 2023. Instead, he filed the instant motion on August 18, 2023,[4] 10 days after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).[5]

Hills does not identify an impediment created by the government, a new right that was originally recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or newly discovered facts supporting his claims that he subsequently discovered only after exercising due diligence. *See* § 2255(f)(2)-(4). Instead, he complains that, rather than address "the serious [c]onstitutional claims contained" in his § 2255 motion, the government has elected to "raise a procedural challenge" by arguing that his motion is time-barred. (Doc. No. 689, at 1.) He suggests that he believed in good faith that his one-year deadline was August 18, 2023. (*Id*. at 4.) According to Hills, "at no point prior to filing his § 2255 [m]otion was he aware the date that his petition for panel rehearing was denied. Indeed, all that Hills knew was that the mandate of the Court issued on May 18, 2022." (*Id*.)

Because § 2255(f) is not a jurisdictional bar, it is subject to equitable tolling under extraordinary circumstances. *Reed v. United States,* 13 F. App'x 311, 312 (6th Cir. 2001). To warrant tolling under traditional equitable principles, a petitioner must show "'(1) that he has been

---

[4] Again, Hills placed his § 2255 motion in the prison mailing system on August 18, 2023. (Doc. No. 675, at 12.) Under the prison mailbox rule, Hills's motion is deemed filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

[5] Even if the date of the mandate was the proper triggering date, the government correctly observes that the motion to vacate would still be untimely. (*See* Doc. No. 687, at 6.) The Sixth Circuit issued its mandate on May 18, 2022. Ninety days from May 18, 2022, would be August 16, 2022, not August 18, 2022.

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)); *see Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland*, 560 U.S. at 649). The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." *See Amini v. Oberlin Coll.,* 259 F.3d 493, 500 (6th Cir. 2001) (citations omitted). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560 (6th Cir. 2000) (citation omitted). Motions seeking tolling are evaluated on "a case-by-case basis, with the petitioner retaining the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2012) (quotation marks and citation omitted)); *see Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 256, 136 S. Ct. 750, 193 L. Ed. 2d 652 (2016) (The petitioner bears the burden of proof and must satisfy both prongs of the test to be entitled to equitable tolling (collecting cases)).

Hills maintains that, even if he was mistaken in his belief that his conviction became final 90 days after the mandate issued, he held that belief in good faith and he diligently pursued his post-conviction rights accordingly. (Doc. No. 689, at 3.) He, therefore, argues that "the interests of justice are best served [by] permitting a short tolling of the statute of limitations." (*Id*.) Alternatively, he suggests that he was unaware that the Sixth Circuit had denied rehearing because his appellate counsel "never provided a copy of the order denying the panel rehearing, leaving Hills to assume that the mandate issued on the same date as the petition was denied." (*Id*. at 4.)

6

For purposes of the motion to dismiss, the government concedes that Hills has diligently pursued his rights, thus satisfying the first prong for equitable tolling. (Doc. No. 691, at 2.) Nevertheless, the government insists that neither Hills's good faith belief that his judgment was not final until the issuance of the mandate, nor his counsel's alleged failure to supply him with a copy of the order denying en banc rehearing constitutes extraordinary circumstances necessary to satisfy the second prong of the test. (*Id.*)

Beginning with Hills's mistaken belief that his judgment did not become final until the Sixth Circuit issued its mandate, it is well settled that a petitioner's "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling*, 673 F.3d at 462 (citing, among authority, *Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011)); *see Hansberry v. United States*, No. 22-1482, 2023 WL 1432037, at *2 (6th Cir. Jan. 18, 2023) (noting that *pro se* petitioner's "misunderstanding of the applicable procedural rules was not an extraordinary circumstance" warranting equitable tolling (citation omitted)). Accordingly, Hills's erroneous assumption that his judgment was not final until August 18, 2022, the date the mandate issued from the Sixth Circuit, does not provide grounds to excuse the untimely filing of his motion to vacate. *See, e.g., Johnson v. United States*, 457 F. App'x 462, 470–71 (6th Cir. 2012) (petitioner's confusion and misunderstanding of case law concerning the one-year statute of limitations under the AEDPA did not provide grounds for equitable tolling); *Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) (ignorance of the law does not provide grounds for equitably tolling the statute of limitations) (citing, among authorities, *Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)).

7

Turning to Hills's second excuse for his untimely filing—his appellate counsel's purported failure to provide him with a copy of the order denying rehearing—the Court find that it, too, fails to rise to the level of an extraordinary circumstance. Although attorney misconduct "could amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling . . . the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect that causes an attorney to miss a deadline." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (quotation marks and citations omitted). Courts, including the Supreme Court, have found that an attorney's miscalculation of the one-year deadline for filing a habeas petition or failure to keep a client apprised of the proceedings in the court of appeals, failed to rise above a garden variety claim of excusable neglect. *See Lawrence v. Fla.*, 549 U.S. 327, 336–37, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (holding that an attorney's miscalculation of the one-year deadline for filing a habeas petition was insufficient to warrant equitable tolling); *Elliott v. DeWitt*, 10 F. App'x 311, 313 (6th Cir. 2001) (holding that equitable tolling of one-year statute of limitations for a habeas petition was not available to a petitioner whose attorney failed to apprise him that his state conviction had been affirmed on appeal since "the [Ohio] court of appeals docket sheet indicates that the decision was sent to all parties of record, including [petitioner's] counsel [and] an attorney's mistake which results in missing the filing deadline imposed by the ADEPA is not a basis for equitable tolling"); *but cf. Robertson*, 624 F.3d at 785–6 (finding that an attorney's cocaine use and resulting mis-advice regarding a deadline might, if proven at an evidentiary hearing on remand, constitute extraordinary circumstances for equitable tolling of § 2255's deadline). Assuming that appellate counsel failed to provide Hills with a copy of the ruling on his request for en banc rehearing, the Court finds that it would not rise to the level of an extraordinary

circumstance.[6]

Ultimately, the Court concludes that Hills has failed to demonstrate extraordinary circumstances that would warrant an equitable tolling of the relevant statute of limitations. Because his motion to vacate is time-barred, and equitable tolling is not available, Hills is not entitled to relief pursuant to 28 U.S.C. § 2255.

### IV. CONCLUSION

For the foregoing reasons, the government's motion to dismiss (Doc. No. 687) is granted, and Hills's motion to vacate (Doc. No. 675) is dismissed. Further, for all of the same reasons, the Court finds that "reasonable jurists" would not debate the Court's denial of Hills's motion to vacate as time-barred. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: February 20, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[6] Although not necessary to the Court's ruling, the government correctly observes that the record does not support Hills's suggestion that he was unaware of the August 8, 2022 ruling on rehearing until after the mandate issued. (Doc. No. 691, at 4.) The order denying rehearing was posted on the Sixth Circuit's public docket (6th Cir. No. 19-3372, Doc. No. 107-1), and the mandate was filed on this Court's docket. (Doc. No. 639.) Hills fails to explain why he neglected to access either of these public dockets, given the record reflects that he is adept at navigating court dockets. Hills's *pro se* motion to vacate, for example, contains multiple docket citations, including a citation to the Sixth Circuit's denial of his "request for rehearing." (*See, e.g.*, Doc. No. 683, at 14.)